## SUPREME COURT.

DAVID D. LEFFLER, appellant, agt. PERRY H. FIELD and others, respondents.

Where a *referee* refuses to find, and insert in the case and exceptions, a series of proposed findings of fact and of law proposed by defendant's counsel, the defendant cannot *appeal* from such refusal; such errors can only be corrected on *motion*.

An appeal by the defendants was taken, in such a case, which contains such proposed findings rejected by the referee, and the plaintiff moved the general term to strike them out, and also to dismiss the appeal from the decision of the referee refusing to insert them. And the defendants moved that the proposed case and findings be sent back to the referee for resettlement, the general term thereupon dismissed the appeal, and gave the defendants leave to amend the case and judgment record, so as to put the case in proper form for review.

The case was again submitted to the referee for settlement, and he again settled it as he had done. The defendants' counsel thereupon corrected the case by striking out the proposed findings of fact and law; and upon the case as thus proposed, the appeal was again brought on to argument at the general term, where the judgment was affirmed.

It would be useless to insert in the judgment record or in the case, all or any of the matters proposed to be inserted therein, unless they can be the subject of review by the court of appeals; and they are not the subject of review in that court, if the relief granted or refused in this court was the result of the exercise of the *discretion* of the court, or if the matter has never been before this court for its consideration.

*General Term, January,* 1872.

*By the court,* MULLIN, *P. J.*—After judgment was entered on the report of the referee in this court, the defendants appealed to the general term. In the case and exceptions, the defendants' attorney inserted a series of proposed findings of fact and law, and the same were submitted to the referee who declined to find them or to vary in any respect the findings contained in his report.

From this decision of the referee the defendants' attorney appealed to the general term.

The cause was noticed for argument at the general term.

The case as printed contained the findings rejected by the referee.

The plaintiff's attorney moved to strike these findings out of the case, and also to dismiss the appeal from the decision of the referee refusing to find as requested.

The defendants on their part moved that the proposed case and findings be sent back for resettlement to the referee.

Subsequently the general term made an order dismissing the appeal from the decision of the referee and giving defendant leave to amend the case and judgment record, so as to put the case in proper form for review.

The case was again submitted to the referee for settlement and he again settled it as he had done before.

The defendants' counsel corrected the case by striking from it the proposed findings of fact and law, and upon the case thus proposed the appeal was again brought on to argument at the general term.    That court affirmed the judgment.

It would be useless to insert in the judgment record or in the case all or any of the matters proposed to be inserted therein, unless they are the subject of review by the court of appeals, and they are not the subject of review in that court, if the relief granted or refused in this court, was the result of the exercise of the discretion of the court, or if the matter had never been before this court for its consideration.

The order of the 31st July, 1866, was made on the motion and for the benefit of the appellant.    The application for it was addressed to the discretion of this court.

The appellant cannot appeal from orders made for his benefit and of which he has had the full benefit.

Were it not for this order the appellant would have lost altogether the opportunity of making and settling a case.    He cannot appeal from that order.

The findings proposed to be incorporated in the record, which were not contained in the report of the referee, were stricken from the case, before the argument of the appeal in this court, and hence, these findings could not have been

before the court on that argument and could not have been considered by it. For this reason, the findings cannot be the subject of review in the court of appeals.

The object of the appellant in incorporating these findings in the case is, I presume, to satisfy the court, if he can, that the evidence justified the findings proposed, and it was, therefore, such an error to refuse to find them as should reverse the judgment.

This question has never been before this court, and cannot for that reason, be properly before the court of appeals.

If matters can be incorporated into a case or exceptions proper for review in the appellate court, after argument in the inferior court, proceedings in the latter would be useless and might as well be dispensed with.

The refusal of the referee to find as requested by the appellant's counsel, if erroneous, could not be corrected by an appeal from such refusal. There is no color of authority for such an appeal. The general term was right, therefore, in dismissing it.

Such errors can only be corrected on motion. And the general term gave to the appellant all the relief it was in its power to grant, by sending it back for resettlement. If, upon a resettlement the referee persisted in refusing to find as requested, it was the duty of the court to hear the case on the facts found, and to see whether the evidence justified the findings as proposed, and if it did, then to reverse the judgment and send the case to another referee, or to the circuit or special term for trial.

The order of the 31st July, 1866, might be construed as a direction that the proposed findings be incorporated in the case, and that the subsequent action of the referee was in violation of that order. But as the appellant's counsel has not suggested any such construction, and as it would be in manifest opposition to the intention of the court, and grossly unjust to the respondent, it cannot be adopted.

The order appealed from must be reversed, with $10 costs.